FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRY JEANNETTE A.,<br><br>                    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br><br>                    Defendant. | No:  1:23-cv-03201-LRS<br><br><br>ORDER REVERSING AND<br>REMANDING THE<br>COMMISSIONER'S DECISION FOR<br>FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

BEFORE THE COURT are the parties' briefs.  ECF Nos. 6, 7.  This matter

was submitted for consideration without oral argument.  Plaintiff is represented by

attorney D. James Tree.  Defendant is represented by Special Assistant United States

Attorney Erin Jurrens.  The Court, having reviewed the administrative record and the

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7,

2025.  Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is

substituted for Martin O'Malley as the Defendant in this suit.

ORDER - 1

1  parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's

2  brief, ECF No. 6, is granted, and Defendant's brief, ECF No. 7, is denied.

3                              **JURISDICTION**

4         Plaintiff Sherry Jeannette A.[2] (Plaintiff), filed for disability insurance benefits

5  (DIB) on May 17, 2021, alleging an onset date of June 1, 2020.  Tr. 179-85.

6  Benefits were denied initially, Tr. 77-81, and upon reconsideration, Tr. 92-96.

7  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on March 7,

8  2023.  Tr. 75-98.  On March 22, 2023, the ALJ issued an unfavorable decision, Tr.

9  14-29, and on October 26, 2023, the Appeals Council denied review, Tr. 1-6.  The

10  matter is now before this Court pursuant to 42 U.S.C. § 405(g).

11                              **BACKGROUND**

12        The facts of the case are set forth in the administrative hearings and

13  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and

14  are therefore only summarized here.

15        Plaintiff was born in 1960 and was 60 years old at the time of the alleged

16  onset date.  Tr. 32.  She worked for 24 years managing a country club dining room

17  and lounge, which included event planning, hosting, bartending, waiting tables, and

18  managing employees.  Tr. 35-36.  Part of the job involved moving tables and chairs.

19

20        [2] The Court identifies a plaintiff in a social security case only by the first

21  name and last initial in order to protect privacy.  *See* Local Civil Rule 5.2(c).

ORDER - 2

1    She eventually quit her job because she could not do the work due to lower back

2    pain. Tr. 36.  If she uses her back for two hours, she needs to rest for about two

3    hours. Tr. 39.  She has good days and bad days. Tr. 47-48. She has tried injections

4    and physical therapy and neither worked.  Tr. 42-43. Her doctor recommended back

5    surgery. Tr. 42.

6                              **STANDARD OF REVIEW**

7        A district court's review of a final decision of the Commissioner of Social

8    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9    limited; the Commissioner's decision will be disturbed "only if it is not supported by

10   substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

11   (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

12   mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and

13   citation omitted).  Stated differently, substantial evidence equates to "more than a

14   mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

15   In determining whether the standard has been satisfied, a reviewing court must

16   consider the entire record as a whole rather than searching for supporting evidence in

17   isolation. *Id.*

18       In reviewing a denial of benefits, a district court may not substitute its

19   judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

20   (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

21   rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 3

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's

decision on account of an error that is harmless." *Id*. An error is harmless "where it

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

(quotation and citation omitted). The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S.

396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the

meaning of the Social Security Act. First, the claimant must be "unable to engage in

any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such

severity that he is not only unable to do his previous work[,] but cannot, considering

his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine

whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-

(v). At step one, the Commissioner considers the claimant's work activity. 20

C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful

ORDER - 4

activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §
404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis
proceeds to step two.  At this step, the Commissioner considers the severity of the
claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from
"any impairment or combination of impairments which significantly limits [his or
her] physical or mental ability to do basic work activities," the analysis proceeds to
step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy
this severity threshold, however, the Commissioner must find that the claimant is not
disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to
severe impairments recognized by the Commissioner to be so severe as to preclude a
person from engaging in substantial gainful activity.  20 C.F.R. §
404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the
enumerated impairments, the Commissioner must find the claimant disabled and
award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the
severity of the enumerated impairments, the Commissioner must assess the
claimant's "residual functional capacity."  Residual functional capacity (RFC),
defined generally as the claimant's ability to perform physical and mental work

ORDER - 5

1  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

2  404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

3      At step four, the Commissioner considers whether, in view of the claimant's

4  RFC, the claimant is capable of performing work that he or she has performed in the

5  past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable

6  of performing past relevant work, the Commissioner must find that the claimant is

7  not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing

8  such work, the analysis proceeds to step five.

9      At step five, the Commissioner should conclude whether, in view of the

10  claimant's RFC, the claimant is capable of performing other work in the national

11  economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the

12  Commissioner must also consider vocational factors such as the claimant's age,

13  education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant

14  is capable of adjusting to other work, the Commissioner must find that the claimant

15  is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of

16  adjusting to other work, analysis concludes with a finding that the claimant is

17  disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

18      The claimant bears the burden of proof at steps one through four above.

19  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

20  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

21  capable of performing other work; and (2) such work "exists in significant numbers

ORDER - 6

1  in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d

2  386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

4  At step one, the ALJ found Plaintiff has not engaged in substantial gainful

5  activity since June 1, 2020, the alleged onset date. Tr. 19. At step two, the ALJ

6  found that Plaintiff has the following severe impairments: degenerative disc disease

7  and asthma. Tr. 19. At step three, the ALJ found that Plaintiff does not have an

8  impairment or combination of impairments that meets or medically equals the

9  severity of one of the listed impairments. Tr. 20.

10  The ALJ then found that Plaintiff has the residual functional capacity to

11  perform light work with the following additional limitations: "she can sit, stand, and

12  walk 6 hours each in an 8-hour workday and she must avoid concentrated exposure

13  to pulmonary irritants." Tr. 20.

14  At step four, the ALJ found that Plaintiff is capable of performing past

15  relevant work as a waitress, bartender, and hostess, dining room manager. Tr. 24.

16  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in

17  the Social Security Act, from June 1, 2020, through the date of the decision. Tr. 25.

**ISSUES**

19  Plaintiff seeks judicial review of the Commissioner's final decision denying

20  disability income benefits under Title II of the Social Security Act. ECF No. 6.

21  Plaintiff raises the following issues for review:

ORDER - 7

1.     1.   Whether the ALJ properly considered Plaintiff's symptom testimony;

2.     2.   Whether the ALJ properly considered the medical opinion evidence;

3.     3.   Whether the ALJ properly considered the lay opinion statements; and

4.     4.   Whether the ALJ should have developed the record.

5. ECF No. 6 at 2.

6. **DISCUSSION**

7. **A.    Symptom Testimony**

8. Plaintiff contends the ALJ erred by not properly assessing Plaintiff's

9. testimony. ECF No. 6 at 4. An ALJ engages in a two-step analysis to determine

10. whether a claimant's testimony regarding subjective pain or symptoms is credible.

11. "First, the ALJ must determine whether there is objective medical evidence of an

12. underlying impairment which could reasonably be expected to produce the pain or

13. other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks

14. omitted). "The claimant is not required to show that her impairment could

15. reasonably be expected to cause the severity of the symptom she has alleged; she

16. need only show that it could reasonably have caused some degree of the symptom."

17. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks

18. omitted).

19. Second, "[i]f the claimant meets the first test and there is no evidence of

20. malingering, the ALJ can only reject the claimant's testimony about the severity of

21. the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER - 8

1   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

2   citations and quotations omitted).  "General findings are insufficient; rather, the ALJ

3   must identify what testimony is not credible and what evidence undermines the

4   claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

5   1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

6   must make a credibility determination with findings sufficiently specific to permit

7   the court to conclude that the ALJ did not arbitrarily discredit claimant's

8   testimony.").  "The clear and convincing [evidence] standard is the most demanding

9   required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir.

10  2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir.

11  2002)).

12        The ALJ found that Plaintiff's medically determinable impairments could

13  reasonably be expected to cause some of the alleged symptoms, but Plaintiff's

14  statements about the intensity, persistence and limiting effects of her symptoms are

15  not entirely consistent with the medical evidence and other evidence in the record.

16  Tr. 21. The ALJ said, "[w]hile the record supports some limitations, the s limitations

17  do not preclude all work activity." Tr. 21. Then the ALJ listed eight bullet points

18  summarizing medical evidence as examples purportedly supporting this finding. Tr.

19  21-22.

20        The problem with the ALJ's finding is that it does not identify specific, clear

21  and convincing reasons for discounting the degree of limitation alleged by Plaintiff.

ORDER - 9

1  The ALJ's decision must contain specific reasons for the weight given to the

2  claimant's symptoms, be consistent with and supported by the evidence, and be

3  clearly articulated so the individual and any subsequent reviewer can assess how the

4  adjudicator evaluated the individual's symptoms.   Social Security Ruling 16-3p,

5  2016 WL 1119029, at *9.  The ALJ "must specifically identify the testimony she or

6  he finds not to be credible and must explain what evidence undermines the

7  testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  While the

8  ALJ is not required to perform a line-by-line analysis of the claimant's testimony,

9  the ALJ is still required to do more than offer "non-specific conclusions that

10 [claimant's] testimony was inconsistent with her medical treatment."  *Lambert v.*

11 *Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

12      Here, while the ALJ listed bullet points with citations to the record, the ALJ

13 articulated no specific reasons for the discounting Plaintiff's symptom statements.

14 Defendant asserts the ALJ found Plaintiff's symptom complaints were inconsistent

15 with: (1) the objective evidence; (2) her treatment history; and (3) her reported

16 activities.  ECF No. 7 at 3-4 (citing Tr. 20-23).  While it is true the ALJ's bullet

17 points contained citations to the objective evidence and mentioned Plaintiff's

18 treatment and activities, there is no analytical language or any statement suggesting

19 this summary rises to the level of specific, clear and convincing reasons which are

20 required to reject a claimant's testimony. The Court is constrained to review only

21 those reasons asserted by the ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S.

ORDER - 10

1    194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).  The

2    ALJ's finding regarding Plaintiff's symptom statements is insufficient as it is not

3    properly supported by specific reasoning. As a result, this matter must be remanded

4    for reconsideration.

5        Plaintiff further argues that the ALJ "never considered [Plaintiff's] work

6    history" and request that on remand, the ALJ be ordered to do so. ECF No. 6 at 11-

7    12. The regulations provide that the ALJ will consider all of the evidence

8    presented, including information about prior work record, statements about

9    symptoms, evidence submitted by medical sources, and observations made by

10   others. 20 C.F.R. § 404.1529. However, nothing in the regulations requires that the

11   ALJ discuss every factor considered. It is apparent the ALJ considered Plaintiff's

12   work history. Tr. 20-21. The Court declines to impose any specific requirement to

13   assign weight or otherwise discuss Plaintiff's work history, although the ALJ may

14   choose to do if appropriate.

15   **B.    Medical Opinion Evidence**

16       An ALJ must consider and evaluate the persuasiveness of all medical opinions

17   or prior administrative medical findings from medical sources.  20 C.F.R. §

18   404.1520c(a) and (b); *Woods v. Kijakazi*, 32 F.4th 785, 790-92 (9th Cir. 2022).

19   Supportability and consistency are the most important factors in evaluating the

20   persuasiveness of medical opinions and prior administrative findings, and therefore

21   the ALJ is required to explain how both factors were considered.  20 C.F.R. §

ORDER - 11

1    404.1520c(b)(2).  The ALJ may, but is not required, to explain how other factors

2    were considered.  20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

3        *1.  Bonnie Kultgen, ARNP*

4        In April 2021, Ms. Kultgen made an office visit note indicating Plaintiff

5    presented with chronic low back pain. Tr. 301. Plaintiff reported to Ms. Kultgen that

6    she "just cannot do it [work] anymore" because she was "just hurting too bad." Tr.

7    301. Ms. Kultgen relevantly assessed Plaintiff with chronic low back pain secondary

8    to multilevel degenerative disc disease with history of some stenosis and right SI

9    inflammation and right sciatica. Tr. 301. Under the "Plan" portion of the treatment

10   note, Ms. Kultgen stated, "[t]he patient was given a note to stay off work until she is

11   seen by Dr. Chang and he will make the decision as to when sh[e] can return to

12   work." Tr. 301.

13       Plaintiff contends the ALJ "never mentioned this opinion." ECF No. 6 at 16.

14   A medical opinion is a statement from a medical source about what a claimant can

15   still do despite her impairments and whether the claimant has impairment-related

16   limitations or restrictions in the ability to perform the physical, mental,

17   environmental, or other demands of work activities.  20 C.F.R. § 404.1513(a)(2).

18   Other medical evidence is evidence from a medical source that is not objective

19   medical evidence or a medical opinion, including judgment about the nature and

20   severity of your impairments. 20 C.F.R. § 404.1513(a)(3). Furthermore, a statement

21   that a claimant is or is not disabled, or able or unable to work, is an issue reserved to

ORDER - 12

1   the Commissioner and is inherently neither valuable nor persuasive. 20 C.F.R. §

2   404.1520b(c)(3). Ms. Kultgen's statement that she gave Plaintiff a note to stay off

3   work is far short of medical opinion or a statement that she is disabled (which is not

4   inherently valuable or persuasive), and the ALJ was not required to evaluate its

5   persuasiveness.

6       *2. Other Medical Opinions*

7       The ALJ found the opinions of consultative examiner, Marquetta

8   Washington, ARNP, and the opinions of the state agency consultants, Gordon Hale,

9   M.D., and Mark Magdaleno, M.D., to be persuasive. Tr. 23-24. Ms. Washington

10  opined that Plaintiff could lift and carry up to 50 pounds occasionally and has no

11  other limitations.  Tr. 366-68. Dr. Hale found, and Dr. Magdaleno agreed, that

12  Plaintiff is capable of light work with no additional limitations. Tr. 64, 72. Plaintiff

13  argues these findings are based on legal error. ECF No. 6 at 17-20.  Plaintiff

14  contends that in evaluating these opinions, the ALJ overlooked certain more

15  favorable findings.  Without finding any error, and because this matter is remanded

16  on other grounds, the Court direct that on remand, the ALJ will conduct a new

17  sequential evaluation and reconsider the medical opinion evidence.

18  **C.    Lay Witness Statements**

19      The ALJ considered the statements of Plaintiff's former co-workers, Ms.

20  Blewett and Ms. Shafer. Tr. 24. Ms. Blewett stated she had seen Plaintiff "come to

21  work in pain and go home in pain" and that she knew "100% if she could still do the

ORDER - 13

1   job she'd still be doing it." Tr. 243.  Ms. Shafer described her observations and

2   awareness of Plaintiff's pain over time, including that in 2019 "she experienced a lot

3   of pain to the point where she was unable to maintain shifts for their full duration

4   and was complaining about the pain being constant rather than occasional." Tr. 244.

5        The regulations indicate ALJs should consider "all of the available evidence"

6   in evaluating the intensity and persistence of symptoms, including evidence from

7   "medical sources and nonmedical sources" about the effect of a claimant's

8   symptoms.  20 C.F.R. § 404.1529(c)(1); *see also* Social Security Ruling 16-3p, 2016

9   WL 1119029 (effective March 16, 2016) (requiring ALJs to consider other evidence

10  such as other nonmedical sources to evaluate symptoms).  However, an ALJ is not

11  required to articulate how evidence from nonmedical sources was considered using

12  the requirements applicable to evaluations of medical opinions.  *See* 20 C.F.R.

13  § 404.1520c(d).  Rather, "[i]f the ALJ wishes to discount the testimony of lay

14  witnesses, he must give reasons that are germane to each witness." *Dodrill v.*

15  *Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).[3]

16

17      [3] Defendant notes the Ninth Circuit stated in one opinion that it is an "open

18  question whether ALJs are still required to consider" nonmedical source

19  statements. ECF No. 7 at 7 (quoting *Fryer v. Kijiakazi*, No. 21-36004, 2022 WL

20  17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) (unpublished)). However, while some

21  courts in this circuit have concluded that the new regulations mean the ALJ has no

ORDER - 14

1    The ALJ "agree[d] that the claimant has some physical restrictions due to her

2    impairment," but found that "her limitations are not to the degree of disability in

3    consideration of the objective findings, her performance on physical and mental

4    status exams, and her independent daily activities." Tr. 24. This statement is not

5    responsive to the lay witness statements and does not explain how they were

6    considered by the ALJ.  On remand, the ALJ should reassess the lay witness

7    statements as part of the new sequential evaluation.

8    **D.    Duty to Develop the Record**

9    Plaintiff contends the ALJ erred by failing to develop the record. ECF No. 6

10   at 20-21. At the hearing, Plaintiff's counsel requested that the ALJ order a

11   consultative exam with an orthopedist or call a medical expert. Tr. 33-34. Plaintiff

12   argues that Ms. Washington's exam is inadequate because it is "inconsistent with

13   the record, and it was unclear if this was due to her lack of specialty, her exam

14   _____

15   obligation to specifically address nonmedical source evidence, this Court agrees

16   with the majority of courts in this circuit that have concluded the opposite. *See*

17   *Megan Ann D. v. Comm'r of Soc. Sec.*, No. 1:23-CV-00027-REP, 2024 WL

18   1308928, at *5 (D. Idaho Mar. 27, 2024) (citing *Tracy Q. v. Kijakazi*, 2024 WL

19   706963, at *7 (D. Or. Feb. 21, 2024) (collecting cases); *Sharon W. v. Kijakazi*,

20   2023 WL 246391, at *8 (D. Idaho Jan. 18, 2023)).

21

ORDER - 15

1  being too quick, or her failure to review records." ECF No. 6 at 20. The ALJ did

2  not order a specialized consultative exam or call a medical expert, and the ALJ's

3  decision does not mention the request. Plaintiff contends this was error. The

4  regulations provide that the ALJ may attempt to obtain additional evidence to

5  resolve any inconsistency in the evidence when either the evidence is insufficient

6  to make a disability determination, or if after weighing the evidence the ALJ

7  cannot make a disability determination.  20 C.F.R. §§ 404.1517, 404.1519a,

8  404.1520b(2).

9      Although the ALJ may have a duty to develop the record in certain cases, it

10  is Plaintiff's burden to produce evidence to establish disability.  20 C.F.R. §

11  404.1512(a).  Here, the Court is unable to discern any inadequacy or ambiguity

12  that did not allow for proper evaluation of the record as a whole and the Court does

13  not find that the ALJ erred by failing to seek further evaluation.  *See Bayliss v.*

14  *Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). On remand, the ALJ is directed to

15  update the record as is appropriate. The ALJ may call a medical expert or seek

16  another consultative opinion, but the ALJ is not required to do so unless the ALJ

17  determines the evidence is ambiguous or inadequate to make a determination.  *See*

18  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of*

19  *Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998).

20

21

ORDER - 16

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The matter is remanded for further proceedings. On remand, the ALJ shall reconsider Plaintiff's symptom statements and provide legally sufficient reasons if any symptom claims are rejected. The ALJ shall conduct a new sequential evaluation in accordance with this order. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Brief requesting remand, **ECF No. 6**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 7**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** October 21, 2025.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 17